Argued June 29, affirmed August 3, 1955

## OLMAN *v.* OLMAN
286 P. 2d 662

*George W. Mead,* Portland, argued the cause for appellant. With him on the briefs were S. J. Bischoff and William C. Ralston, Portland.

*Marvin Swire* argued the cause for respondent. On the brief were Rosenberg, Swire & Coan and C. O. Fenlason, Portland.

Before WARNER, Chief Justice, and LUSK, BRAND, LATOURETTE and PERRY, Justices.

PER CURIAM.

This is a suit for divorce predicated upon allegations of cruel and inhuman treatment. It was brought by the plaintiff-respondent Nettie D. Olman against defendant-appellant Oscar Olman. Mr. Olman answered by general denial and without a request for separate relief. From a decree in favor of the plaintiff, the defendant appeals.

Three daughters were born to the union, two being minors at the time of the trial. In addition to the provision terminating the marital status, the decree directed that defendant pay plaintiff $75 per month for the support of the youngest daughter, Phyllis, now 19 years old, and $100 a month for the support of their daughter, Berta, now adult and married. The decree also awarded Mrs. Olman $250 per month as alimony and gave her the whole fee in the family home in Portland, as well as the furniture, furnishings and fixtures therein.

Since March 1945, the parties have been and at the time of trial were copartners in the operation of a shoe business in Portland known as the Knight Shoe Company. The defendant owned two thirds of the business and his wife the remaining one third. The interests of the parties in that venture continue intact.

The problems presented are wholly factual. This conclusion is not only suggested by the statement of appellant's counsel at the time of the oral argument but is indicated by the briefs and confirmed by our examination of the record.

Five days were given to the taking of testimony, resulting in an unusually voluminous transcript for a case of this kind. During the trial 73 separate exhibits were introduced. This superabundance is explained in a large measure by the introduction of much evidence concerning the shoe store business and being in the main more relevant to a partnership accounting between the parties than helpful in the determination of the value of defendant's interest in the shoe business for use as an item bearing on the extent of his ability to respond to provisions for alimony and support for his children.

■■ We note that the parties at the opening of the trial invoked ORS 1.040, thus insuring a species of privacy especially commendable in contests which, like the instant one, tend to reveal the unhappy and intimate events of a marital relationship. While this action of the parties breeds a respect for the delicacy of their feelings for their family, it, of course, does not circumscribe the right of this court to discuss the record or any part thereof to the extent we deem necessary to support any decision rendered on appeal. However, here particular reference to the record is unnecessary, for we are persuaded by our review of the same that the trial judge decided the matter correctly. In so saying, we give considerable weight in this matter to the superior position of the learned circuit judge to better evaluate the testimony of the parties and their respective witnesses than can ordinarily be achieved in an appellate court. See *In re Fredricks' Estate,* 204 Or 378, 282 P2d 352, 358.

Under the circumstances and in keeping with the evident solicitude of the parties to protect the history of their marriage from the eyes of the casually curious,

we see no purpose in spreading here the factual reasons for our conclusions.

■ Relying on the provisions of ORS 107.100, the respondent petitions for an award of a reasonable amount for the services of her counsel in this appeal. Plaintiff is entitled to $500 for attorneys' fees as additional costs on this appeal.

Affirmed.